UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONNYSIUS KADOR, ET AL                              CIVIL ACTION

VERSUS

CITY OF NEW ROADS, ET AL                            NO. 07-682-D-M2

## RULING & ORDER

This matter is before the Court on the Motion and Order for Rule 35 Examination (R. Doc. 39) filed by defendants, City of New Roads, Kevin McDonald, Harold Terrance, John Boudreaux, and Mark Dupont (collectively "defendants"). Plaintiff, Donnysius Kador ("Kador"), has filed an opposition (R. Doc. 42) to defendants' motion.

## FACTS & PROCEDURAL BACKGROUND

Kador and her brother, Donell Francois, Jr. ("Francois"), filed this §1983 suit on September 24, 2007. In the complaint, they allege that, on March 24, 2007, they were in Kador's vehicle, attempting to order food from a Burger King Restaurant, when they observed their sister, Darlaycia (Lacy) Francois, in the Burger King parking lot. The plaintiffs learned that the Burger King was not serving food due to an incident that had happened earlier, wherein the police had been called to the Burger King restaurant for a situation completely unrelated to the plaintiffs. The plaintiffs contend that Lacy was attempting to back out of a parking space that was being blocked by a New Roads Police Department unit occupied by defendant, Harold Terrance ("Terrance"). According to the complaint, Lacy politely asked Terrance to move his vehicle, to which Terrance responded with a threatening remark. Kador then allegedly drove over to Lacy to assist her in backing

1

her car out of the parking spot. As Kador exited her vehicle, she was purportedly approached by defendant, John Boudreax ("Boudreaux"), who asked Kador to identify herself. Kador stated that she was with her sister (pointing to Lacy) and that she was going to assist her sister in backing up her car; Kador asked why Terrance would not let her sister out of the parking spot.

Boudreaux and Terrance then purportedly began yelling at Kador, and according to the complaint, "suddenly and without warning, provocation, reasonable or probable cause," Terrance "forcibly grabbed" Kador and "began to 'throw' her around." Kador contends that she repeatedly advised Terrance that he was hurting her but that he continued to "throw" her around and slam her body against a police unit. She further contends that Terrance and defendant, Mark Dupont ("Dupont"), then proceeded to handcuff, arrest, and detain her without cause. Similar allegations are asserted with respect to plaintiff, Francois. Plaintiffs assert that defendants never had any reasonable or probable cause to handcuff, detain, or arrest them and, that after they were booked at the New Roads Police Department, they were subsequently released with no formal charges being filed.

Plaintiffs allege that defendants are liable in connection with the above incidents for: (1) intentionally violating plaintiffs' substantive due process rights to bodily integrity, procedural due process rights, and "rights against the wanton infliction of physical harm under color of authority;" (2) intentionally inflicting emotional distress; (3) negligently inflicting emotional distress; (4) deliberately failing to train New Roads Police Department officers; (5) failing to take adequate steps to insure this situation would not occur, and specifically as to defendants, Kevin McDonald and New Roads Police Department, failing to adequately supervise the defendant officers, especially where Terrance had a known

history of engaging in such behavior; (6) falsely imprisoning and detaining plaintiffs against their wills; (7) false arrest; (8) assault and battery; (9) harassing plaintiffs following their formal complaints against the defendants, including threatening plaintiffs with additional bodily harm; and (10) such other actions and deliberate inactions as will be more fully shown at trial of this matter.  Relative to damages, Kador specifically alleges that she sustained damages, including by not limited to, physical pain and suffering, permanent scarring and loss of use, past and future lost wages, past and future medical expenses, humiliation, embarrassment, severe and extreme emotional distress and mental anguish, and loss of consortium with her minor children.

On March 26, 2010, defendants disclosed their expert, Dr. Donald Hoppe ("Dr. Hoppe"), a clinical psychologist, who, according to defendants, was retained to provide a physical and mental examination of Kador and to provide expert testimony at trial.  With that disclosure, defendants requested that Kador submit to an independent medical examination by Dr. Hoppe on April 7, 2010, at 9:00 a.m.[1]  On March 30, 2010, plaintiff's counsel objected to the physical and mental examination and stated that Kador would not submit thereto due to a lack of parameters for that examination.  Defendants then filed the present motion seeking to have the Court compel such examination.  In their motion, defendants contend that there is no basis for a provision of parameters for a physical or mental examination conducted pursuant to Rule 35.  They argue that they timely disclosed

---

[1] Such expert disclosure and request for Rule 35 examination were made within the deadlines established by the Court.  *See*, R. Doc. 36, September 11, 2009 Order, setting a deadline of March 31, 2010 for defendants to identify their experts, a deadline of April 30, 2010 for defendants' expert reports, and a discovery deadline of April 30, 2010.

the identity of Dr. Hoppe and provided a copy of his curriculum vitae to plaintiffs, which clearly demonstrates that he is a "suitably licensed and certified" examiner as required by Rule 35. They therefore request that the Court order Kador to submit to a physical and mental examination by Dr. Hoppe on a date set by the Court and that plaintiff be ordered to pay all costs that defendants incurred in bringing the present motion.

## LAW & ANALYSIS

Pursuant to Fed. R. Civ. P. 35(a), the court where an action is pending may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a "suitably licensed or certified examiner." The order may be made only on motion for good cause and on notice to all parties and the person to be examined. Fed. R. Civ. P. 35(a)(1). As the United States Supreme Court explained in *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), a party requesting a mental or physical examination must affirmatively establish the existence of the Rule's requirements of "in controversy" and "good cause." *Id.* Even in light of the rule's restrictions, however, courts have held that Rule 35(a) should be construed liberally in favor of granting discovery. *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196 (N.D. Tex. 1995). There are situations where the pleadings alone are sufficient to meet Rule 35's requirements. In fact, the U.S. Supreme Court stated, in *Schlagenhauf*, that "[a] plaintiff in a negligence action who asserts mental or physical injury, places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of the asserted injury." *Schlagenhauf*, at 119; *Jansen v. Packaging Corp. of America*, 158 F.R.D. 409 (N.D.Ill. 1994)(An employment discrimination plaintiff placed her mental condition at issue, so as to warrant an order that

4

she submit to a psychological examination where she claimed past and continuing emotional distress due to alleged sexual harassment and retaliation by her former supervisor).[2] Even when the "good cause" and "in controversy" requirements of Rule 35(a) are met, however, it is still within the sound discretion of the trial court as to whether to order an examination.  *Hardy v. Riser*, 309 F.Supp. 1234 (N.D.Miss. 1970); *Shirsat v. Mutual Pharmaceutical Co., Inc.*, 169 F.R.D. 68 (E.D.Pa. 1996).

Rule 35(a)(2)(B) also requires that a court order directing that a physical or mental examination occur "specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2)(B).  Some courts have denied a request for a court-ordered Rule 35 examination solely on the basis that the request failed to provide sufficient details of the proposed examination.  *See, Woods v. Century I, L.C.*, 1993 WL 33339, at *1 (D.Kan. 1993)(denying Rule 35 examination for movant's failure to provide any details other than the identity of the examiner).  "The failure to provide all particulars about the examination, however, does not necessitate a denial of a motion for examination."  *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 258 F.R.D. 523, 526 (S.D. Fla. 2009), quoting *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 623 (D.Kan. 1999).  A court may grant a request for

---

[2] *See also, Odom v. Odom,* 2001 WL 1543476, *6 (Tenn. Ct.App. 2001), citing *Schlagenhauf*, at 118-19 (A party's physical or mental condition may be placed "in controversy" if that party seeks damages for physical injury or emotional distress); *Calderon v. Reederei Claus-Peter Offen GMBH & Co.*, 258 F.R.D. 523 (S.D.Fla. 2009)(holding that the plaintiff's physical health was in controversy and that good cause existed for an independent medical examination because the plaintiff alleged that the defendants' negligence caused him to sustain "serious personal injuries," and the plaintiff sought damages for those injuries.  The court found that the information sought from the IME was central to the defense of the plaintiff's damages claim).

examination subject to it issuing a further order specifying the details.  *Id.*

In the present case, Kador has alleged that the defendants violated her substantive due process right to bodily integrity and her right against the "wanton infliction of physical harm."  She has also alleged that the defendants battered her and caused her bodily harm, and she claims damages for physical pain and suffering, for permanent scarring and loss of use, and for past and future medical expenses.  Additionally, Kador has asserted that the defendants intentionally and negligently inflicted emotional distress upon her and has alleged that she is entitled to damages for severe and extreme emotional distress and mental anguish.  Defendants also assert in their motion (and plaintiffs do not dispute, in their opposition) that Kador has treated with a psychologist, Dr. Christine Bellaire, for the emotional distress and mental anguish she allegedly sustained as a result of the incident in question.  Considering the allegations of physical and mental injury in the complaint and the undisputed fact that Kador has received psychological treatment as a result of the accident, the undersigned finds that Kador has placed her mental and physical condition in controversy in this suit, providing the defendants with good cause for an examination to determine the existence and extent of the asserted injuries.[3]

---

[3] The factors reviewed in determining "good cause" have often been merged with the requirements necessary to find a plaintiff's physical condition is "in controversy."  *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196 (N.D. Tex. 1995), quoting *Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D.Conn. 1994), citing *Schlegenhauf*, at 119.  As with the "in controversy" requirement, one factor looked to by the courts in determining "good cause" is whether a plaintiff plans to prove his or her claim through the testimony of expert witnesses.  *Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D.Conn. 1994).  In *Duncan v. Upjohn*, the court emphasized the need to "preserve[ ] the equal footing of the parties to evaluate the plaintiff's mental state."  *Id.*, citing *Tomlin v. Holecek*, 150 F.R.D. 628, 633 (D.Minn. 1993); *Fischer*, at 199 (To avoid prejudice, the court determined that the defendant must have its expert conduct an examination of the plaintiff to rebut the reports of the plaintiff's expert; otherwise, the defense expert would have no way of

The undersigned, however, finds that defense counsel has failed to provide the necessary details concerning the requested examination to allow that request to be granted as written.  In *Calderon v. Reederei Claus-Peter Offen GMBH & Co.*, 258 F.R.D. 523 (S.D.Fla. 2009), the court found that a defendant had provided sufficient details to grant a request for an independent medical examination, where the defendant provided the following particulars:  (1) the identity of the examining physician; (2) the identity of his medical specialty; (3) the date and time of the examination; (4) the location of the examination; (5) the areas into which the physicians would inquire (in that case, the

---

adequately scrutinizing the conclusions of the plaintiff's expert).

Plaintiffs indicate in their opposition that they disclosed, in their Rule 26 initial disclosures, that Kador was being treated by Dr. Christine Bellaire relative to her psychological condition.  As such, Dr. Bellaire will likely be called to testify as to Kador's claims for emotional distress damages.  Defendants are entitled to have their own expert evaluate the mental condition of Kador and scrutinize any conclusions reached by Dr. Bellaire in that regard.  *See also, Ragge v. MCA/Universal Studios*, 165 F.R.D. 605 (C.D.Cal. 1995)(One of the purposes of the rule governing physical and mental examinations of persons is to level the playing field between parties in cases in which a party's physical or mental condition is in issue.  A plaintiff has ample opportunity for psychiatric or mental examination by his/her own practitioner or expert; thus, only if no additional relevant information could be gained by an examination of the plaintiff should the motion for an examination be denied); *Simpson v. University of Colo.*, 220 F.R.D. at 362 (finding "good cause" existed for allowing a Rule 35 examination of the "plaintiff because, without the examination, [the] defendant would be limited to cross-examining the evaluation of the plaintiff's expert"); *O'Sullivan*, at 186-187 (The court should afford the defendants and their expert an opportunity to determine for themselves to what extent, if any, the accident aggravated the plaintiff's pre-existing injuries and have the opportunity "to rebut the reports of the plaintiff's expert").

It has also been held that "good cause" for a physical examination is shown when a plaintiff continues to have complaints as a result of his or her injury while the case is pending.  *Shapiro v. Win-Sum Ski Corp.*, 95 F.R.D. 38 (D.C.N.Y. 1982).  Defendants indicate in their present motion that Kador continued to receive treatment from Dr. Bellaire "extending through 2008," which would be well after this suit was filed.  Furthermore, Kador seeks both past and future medical expenses in this suit, indicating that her medical treatment is ongoing.

plaintiff's complaints, medical, surgical and family history and history of the accident and injury); (6) the conducting of a physical examination; and (7) the conducting of radiologic studies of the extremities and areas of the body involved, if necessary. *Id.*, at 526.[4] The *Calderon* court nevertheless found that the request failed to sufficiently delineate the scope of the examination, and it limited the scope to "a full and complete orthopaedic examination of all areas that Plaintiff claims to have injured in the accident alleged in the Complaint." *Id.* Because the parties' previously agreed-to date for the examination in that case did not occur and the defendant's motion did not suggest a new specific date and time, the court could not fashion an order fully complying with Rule 35(a)(2)(B). The court therefore ordered the parties to agree upon a mutually convenient date and time for the examination and instructed the defendant to submit a proposed order for the court's consideration, which "set forth the particulars required by [Rule 35], including the scope of the examination." *Id.*

The Rule 35 request for examination in the present case contains even less detail than that at issue in *Calderon*. In the request, defendants simply indicate that Dr. Hoppe, a clinical psychologist, will perform an "Independent Medical Examination" of Kador on April 7, 2010 at 9:00 a.m. should Kador be available. *See*, Exhibit A to plaintiffs' opposition. Such request does not contain any details concerning the location of the examination or its manner, conditions, and scope, including the areas into which Dr. Hoppe will inquire, whether a physical examination will be conducted, whether any radiologic or other testing

---

[4] As in *Calderon*, plaintiffs do not appear to oppose defendant's ultimate conducting of a mental examination of Kador by a "suitably licensed or certified" psychologist of their own choosing; rather, plaintiffs appear to mostly be opposing the "open-ended manner in which defendant[s] seek for [such examination] to be conducted." *Id.*, at 524.

will be performed (and if so, the nature and extent of such testing), the length of time the examination will last, and the identities and qualifications of others who will be present for the examination. Additionally, defendants have not indicated how Dr. Hoppe is "suitably licensed or certified" to conduct a *physical* examination of Kador when, as a clinical psychologist, he specializes in the treatment and evaluation of *mental* conditions. Thus, defendants' present motion for a Rule 35 examination will be denied as written. Defense counsel shall consult with plaintiffs' counsel and agree upon a mutually convenient date and time for a mental and/or physical examination of Kador, depending upon what type of examination Dr. Hoppe is "suitably licensed or certified" to conduct, and defendants shall submit a revised request for Rule 35 examination to plaintiffs' counsel, within fifteen (15) days, which provides all of the details regarding the location and scope of the examination required by Rule 35 that are discussed above.[5]

The undersigned also notes that defendants' present motion should be denied because it is procedurally deficient in several other respects. First, the motion does not contain a certification that defendants conferred or attempted to confer with plaintiffs in good faith in an effort at resolving the dispute concerning the Rule 35 examination prior to seeking court intervention, as required by Fed. R. Civ. P. 37(a)(1). Secondly, the motion does not include a Memorandum in Support, containing a concise statement of the reasons in support of the motion and citations to the legal authorities upon which defendants rely, as required by Local Rule 7.4. Finally, defendants failed to comply with Local Rule 5.7.10M

---

[5] The deadline for defendants' expert report and for expert depositions will have to be extended as a result of the delay relating to the requested Rule 35 examination since the defendants' expert report deadline expired on April 30, 2010, and expert depositions likely will not be taken in time to meet the current deadline of May 29, 2010.

because they did not attach a certificate of service to the present motion.

Accordingly;

**IT IS ORDERED** that the Motion and Order for Rule 35 Examination (R. Doc. 39) filed by defendants, City of New Roads, Kevin McDonald, Harold Terrance, John Boudreaux, and Mark Dupont, is hereby **DENIED AS WRITTEN**.

**IT IS FURTHER ORDERED** that the defense counsel shall consult with plaintiffs' counsel and agree upon a mutually convenient date and time for an examination of plaintiff, Donnysius Kador, that Dr. Donald Hoppe, Psy.D, is "suitably licensed or certified" to conduct.

**IT IS FURTHER ORDERED** that defendants shall submit a revised request for Rule 35 examination to plaintiffs' counsel, within fifteen (15) days, which provides all of the details regarding the location and scope of that examination required by Fed. R. Civ. P. 35, as discussed in this Ruling.

Signed in chambers in Baton Rouge, Louisiana, May 27, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**