UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONNYSIUS KADOR, ET AL                                          CIVIL ACTION

VERSUS

CITY OF NEW ROADS, ET AL                                        NO. 07-682-D-M2

**RULING & ORDER**

This matter is before the Court on the Motion for Contempt (R. Doc. 59) filed by defendants, The City of New Roads, et al (collectively "defendants").  Through this motion, defendants seek to have a non-party fact witness, Darlaycia Francois ("Ms. Francois"), held in contempt of court for her failure to attend a deposition on July 9, 2010.  Defendants further seek to have Ms. Francois ordered to attend a future deposition at her cost and to have her reimburse defendants and their counsel for the costs they incurred in attending the July 9, 2010 deposition for which she did not appear.  Defense counsel concedes in the present motion that, although, prior to the deposition, he sent Ms. Francois a $5.00 check to cover the cost of her mileage to and from the deposition, he did not send her a fee for her attendance and instead asked that she provide him with that amount and that his clients would "satisfy same within 3-5 days following the deposition."  See, Exhibit 3 to defendants' motion.

Pursuant to 28 U.S.C. §1821 and Fed. R. Civ. P. 45(b)(1), service of a subpoena must be accompanied by tendering to the witness both the fees for one day's attendance and the mileage allowed by law.  *In re Dennis*, 330 F.3d 696 (5th Cir. 2003)(citing cases)(Proper service of a subpoena requires not only personal delivery of the subpoena,

1

but also simultaneous tendering of witness fees and the reasonably estimated mileage allowance.  The courts and the leading treatises on civil procedure uniformly agree with that interpretation of Fed. R.Civ.P. 45(b)(1)).[1]  A failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena,[2] and a non-party deponent is not required to attend the deposition set forth in that subpoena.[3]  Thus, because Ms. Francois was not tendered both the fee for one day's attendance at the deposition scheduled for July

---

[1] *See*, 28 U.S.C. §1821(b)("A witness shall be paid an attendance fee of $40 per day for each day's attendance.  A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance"); Fed. R. Civ. P. 45(b)(1)("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires the person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law"); 9A Fed. Prac. & Proc. Civ. §2454 (3d ed. 2010)(citing various cases); *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989)(Witness and mileage fees must be tendered concurrently with the subpoena).

[2] *Dennis*, at 705 (Failure to tender "reasonably estimated" mileage fees, even if only a few dollars, along with witness fees, may warrant quashing the subpoena).

[3] *See,* Handbk. Fed. Civ. Disc. & Disclosure §5.52 (2d ed. 2010)(The witness fee must be tendered with the subpoena), citing Rule 45(b)(1); *Saper v. Hague*, 186 F.2d 592 (2d Cir. 1951)(The tender of an insufficient fee was a valid excuse for not obeying a subpoena, unless the witness waived the defect in service); *CF& I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494 (9th Cir. 1983)(Fed. R. Civ. P. 45 requires simultaneous tendering of witness fees and reasonably estimated mileage allowed by law with the service of the subpoena, and subpoenas were invalid where no witness fees or mileage allowances were tendered when subpoenas were served); *Carroll v. Variety Children's Hosp.*, 2007 WL 2446553 (D.C.Tex. 2007)(fees must be tendered contemporaneously with service of subpoena); *Reynosa v. Smith*, 2006 WL 3456667 (D.C.Mich. 2006)(Fees and mileage must be tendered simultaneously with subpoena); *Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.*, 211 F.R.D. 685 (D.C.Ga. 2001)(subsequent tender of witness fees and expenses does not cure failure to do so at time of service); *Song v. Dreamtouch, Inc.*, 2001 WL 487413 (D.C.N.Y. 2001); *Jones v. Schlender*, 640 P.2d 1177 (1982)(Unless fees are tendered to the witness at the time the subpoena is served in a civil action, service is improper); *Doble v. United States District Court*, 249 F.2d 734 (9th Cir. 1957)(an invalid subpoena provides a witness with a valid defense in a contempt proceeding).

9, 2010, as well as the mileage fee, at the time that the subpoena was served upon her, the subpoena in question is invalid, and she was not required to attend that deposition. *Tucker v. Tangipahoa Parish School Bd.*, 2007 WL 1989913, *2 (E.D.La. 2007)(service of a subpoena was improper because the rule requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena and "makes no provision for serving a subpoena and promising to pay the fee later").  As such, there is no legal basis for holding her in contempt of court and requiring her to reimburse defendants and their counsel for the expenses they incurred in traveling to and attending the deposition on July 9, 2010.

Accordingly;

**IT IS HEREBY ORDERED** that the Motion for Contempt (R. Doc. 59) filed by defendants, The City of New Roads, et al, is **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, August 26, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**