UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONNYSIUS KADOR, ET AL**                                          **CIVIL ACTION**

**VERSUS**

**CITY OF NEW ROADS, ET AL**                                    **NO. 07-682-D-M2**

**RULING & ORDER**

This matter is before the Court on the Report to Court Pursuant to Order Entered October 20, 2010 (R. Doc. 67) filed by plaintiffs, Donnysius Kador and Donell Francois, Jr. (collectively "plaintiffs"). Defendants, City of New Roads, Kevin McDonald, Harold Terrance, John Boudreaux, and Mark Dupont (collectively "defendants"), have not filed an opposition to plaintiffs' report.[1]

On October 20, 2010, the undersigned entered an Order (R. Doc. 66) awarding plaintiffs the reasonable expenses, including attorney's fees, that they incurred in responding to defendants' unnecessary motion to compel (R. Doc. 64). Plaintiffs have now filed the present report setting forth their requested amount of expenses because the parties were unable to agree to that amount without court intervention. They contend that the total amount of attorney's fees incurred in opposing defendants' motion to compel was $1,250.00 based upon the following time entries by plaintiff's counsel:

        September 10, 2010 - letter to opposing counsel
        and review file (½ hour)                                                 $87.50

---

[1] Pursuant to the undersigned's Ruling & Order dated October 20, 2010 (R. Doc. 66), defendants had ten (10) days from the date that plaintiffs filed their report concerning attorney's fees within which to file an opposition. Although defendants filed an opposition generally opposing the October 20, 2010 ruling (R. Doc. 68), they have not filed an opposition specifically addressing plaintiffs' report on attorney's fees.

| | |
|---|---|
| September 15, 2010 - letter to opposing counsel and review file (½ hour) | $87.50 |
| October 8, 2010 - Prepared draft of Opposition (1 ½ hours - paralegal) | $112.50 |
| October 12, 2010 - Finalize Opposition (2 ½ hours) | $687.50 |
| October 21, 2010 - Review ruling and prepare letter to defendant (1 hour) | $275.00 |
| Total: | $1,250.00 |

*See,* Letter from plaintiff's counsel to defense counsel dated October 21, 2010, Exhibit A to plaintiff's report.  In response to plaintiff's request for $1,250.00 in fees and expenses, defense counsel proposed the amount of $350.00 in attorney's fees and expenses, indicating that he spent only roughly half the amount of time and total costs requested by the plaintiffs in preparing the motion to compel in question.  *See,* Letter from defense counsel to plaintiff's counsel dated October 22, 2010, Exhibit B to plaintiff's report.

The undersigned finds that plaintiff's request for $1,250.00 in fees and expenses in relation to opposing an uncomplicated motion to compel is unreasonable.  Considering that the opposition prepared by plaintiff's counsel is only five (5) pages long, merely contains standard, boilerplate citations to discovery provisions, and did not require extensive legal research or analysis, the undersigned will only award the plaintiffs for the two and one-half (2 ½) hours of actual attorney time that was spent preparing the opposition on October 12, 2010.  The undersigned also finds that the billable rate requested by plaintiff's counsel, $275.00/hour, is excessive, and that rate will be reduced to $175.00/hour, as such rate has previously been determined by the Court to be a reasonable billing rate in the Baton Rouge

market.[2] Accordingly, plaintiffs will be awarded $437.50 in attorney's fees and expenses in connection with their opposition to defendants' motion to compel. Such award will be due to plaintiffs within sixty (60) days of this Ruling. Additionally, since defendants still have not paid the prior sanction award of $700.00 owed to plaintiffs in connection with the undersigned's ruling of June 28, 2010 (R. Doc. 53), that amount is to be paid to plaintiffs within thirty (30) days of this Ruling. If defendants and/or their counsel fail to pay the above awards within the time delays set by the Court, additional sanctions will be imposed in accordance with Fed. R. Civ. P. 37(b)(2)(A).[3]

Accordingly;

**IT IS ORDERED** that, in connection with the October 20, 2010 Ruling & Order (R. Doc. 66), plaintiffs are entitled to an award of $437.50 in attorney's fees from the defendants and/or their counsel related to the expenses they incurred in relation to

---

[2] *See, Grossett v. Macy's Corporate Services*, Civil Action No. 09-231-C-M2 (awarding attorney's fees at $175/hour for 2.0 hours of work on an uncomplicated motion to compel); *Dumas v. Core Funding Group, L.P.*, Civil Action No. 08-730-D-M2, R. Doc. 4 (finding an hourly rate of $175.00 to be reasonable and awarding attorney's fees for 2.5 hours of work on an uncomplicated motion to remand); *Barousalian v. City of Baton Rouge, et al*, Civil Action No. 07-385-B-M2, R. Doc. 42 (awarding attorney's fees at a rate of $175.00 for two hours expended on a motion to compel); *Pizzolato, et al v. Safeco Insurance Company of America*, Civil Action No. 08-353-D, Ruling and Order dated November 3, 2008, R. Doc. 15 (finding that the reasonable number of hours spent preparing a motion to remand that was not complex was 2.5 hours and that an hourly rate of $185.00 per hour was appropriate for a Baton Rouge attorney with twenty-four (24) years of experience where the motion upon which work was performed was not particularly complex); *John Cherry v. Shaw Coastal, Inc., et al*, Civil Action No. 08-228-A-M2 (awarding $350.00 ($175.00/hour x 2.0 hours = $350.00) in attorney's fees in connection with the bringing of a motion to compel).

[3] Fed. R. Civ. P. 37(b)(2)(A) provides that, if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

opposing defendants' motion to compel (R. Doc. 64). Such award shall be paid to the plaintiffs within sixty (60) days of this Order.

**IT IS FURTHER ORDERED** that defendants and/or their counsel shall pay the award of $700.00 owed in connection with the Ruling & Order dated June 28, 2010 (R. Doc. 53) to the plaintiffs within thirty (30) days of this Order.

Signed in chambers in Baton Rouge, Louisiana, November 9, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**