UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| | | |
|---|---|---|
| DONNYSIUS KADOR, ET AL | : | DOCKET NO. 3:07-682 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF NEW ROADS, ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court are several motions: (1) "Motion for Attorney's Fees and Costs" (R. #84),[1] (2) "Motion for a New Trial on Limited Issues and/or to Alter or Amend Judgment Re: Donnysius Kador" (R. #85)[2] and (3) "Motion to Strike Attorney's Fees Request and Alternatively, Opposition to Motion for Attorney's Fees" (R. #97).

## FACTUAL STATEMENT

For a complete recitation of the facts, see the Memorandum Ruling dated April 5, 2011.[3]

*Motion for attorney fees and costs and motion to strike request for attorney fees, or alternatively, opposition to motion for attorney fees*

Defendants in this matter seek attorneys fees pursuant to 42 U.S.C. § 1988 and Federal Rule

---

[1] In this motion, defendants, City of New Roads, Kevin McDonald, Harold Terrance, John Boudreaux and Mark Dupont, seek attorneys fees and costs pursuant to 42 U.S.C. § 1988 and Fed. Rule Civ. Procedure 54 as the prevailing party in regard to the § 1983 claims made against them.

[2] Defendants seek to dismiss plaintiff, Donnysius Kador's remaining claims of excessive force, assault and battery at plaintiff's costs and attorney's fees pursuant to 42 U.S.C. § 1988.

[3] R. #82.

of Civil Procedure 54 asserting that plaintiffs' claims were without foundation, unreasonable, frivolous or otherwise without merit. Thus, they maintain that because they were the prevailing party with respect to a motion for summary judgment, they are entitled to these costs. Ms. Kador strongly opposes the motion for attorney fees noting that defendants' motion for summary judgment was also denied in part.

42 U.S. § 1988 allows the district court to award a prevailing party reasonable attorney fees. A district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.[4] The term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him.[5]

The district court will review frivolity by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful.[6] Factors important to frivolity determinations are (1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial.[7]

---

[4] Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 98 S.Ct. 694 (1978).

[5] Id.

[6] Jones v. Texas Tech. Univ., 656 F.2d 1137, 1145 (5th Cir. 1981).

[7] See EEOC v. Kimbrough Inv. Co., 703 F.2d 98, 103 (5th Cir. 1983).

2

Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.[8] When a plaintiff presents some credible evidence to prove his claim, he has shown that his case has colorable merit; consequently, the prevailing defendant is not entitled to attorney fees.[9]

Defendants are seeking attorney fees from Donnell Francois, whose claims we dismissed,[10] as well as from Ms. Kador; we dismissed the majority of Ms. Kador's claims, but found that there was a genuine issue of material fact as to her claims for excessive force, and assault and battery. As noted by Ms. Kador, the bulk of her claims were dismissed pursuant to Heck. We do not find that plaintiffs' claims, even though we dismissed the majority of them, were made in bad faith, or entirely unreasonable, frivolous or without foundation. Accordingly, we will deny defendants' motion for attorney fees.

Plaintiff also contends that the motion for attorney fees under Rule 54[11] is untimely. The partial summary judgment granted in this matter was rendered on April 5, 2011.[12] Defendants filed

---

[8] White v. South Park Indep. Sch. Dist., 693 F.2d 1163, 1170 (5th Cir. 1982).

[9] Vaughner v. F.J. Pulito, 804 F.2d 873, 878 (5th Cir. 1986); Lopez v. Aransas County Sch. Dist., 570 F.2d 541, 544-45 (5th Cir. 1978).

[10] Those claims have now been appealed.

[11] As to attorney fees, Rule 54 of the Federal Rules of Civil Procedure provides that:

**(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
    **(i)** be filed no later than 14 days after the entry of judgment; . . .

[12] R. # 82 and 83.

3

their motion for attorney fees on April 21, 2011.[13] Because we have determined based on the merits that defendants are not entitled to the attorneys fees as the prevailing party, we will not address this argument.

*Motion for new trial*

Defendants, Harold Terrance, John Boudreaux and Mark Dupont, move for a new trial and/or to alter or amend the Judgment[14] of this court pursuant to Rule 59(a)(2) and 59(e) of the Federal Rules of Civil Procedure. Rule 59(a)(2) provides as follows:

> After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Defendants assert that it is undisputed that Officer John Boudreaux did not physically arrest Ms. Kador or apply any force in connection with her arrest, thus, he could not be held liable for assault and battery or excessive force. Ms. Kador argues that defendants are using the same evidence already considered by this court in the initial partial motion for summary judgment. In other words, defendants are attempting to re-litigate matters already decided by this court. Thus, Ms. Kador argues that defendants have not met the requisite standard to amend a judgment.[15]

The court notes that in their motion for summary judgment, defendants moved to dismiss the

---

[13] R. #84.

[14] In our Memorandum Ruling and Judgment dated April 5, 2011 (R. #82 and 83), we dismissed with prejudice Ms. Kador's claims of false arrest, imprisonment and/or detention, substantive and procedural due process, state law claims of intentional and negligent infliction of emotional distress, and all claims against the New Roads Police Department and Chief Kevin McDonald; we denied defendants' motion to dismiss Ms. Kador's claims of excessive force and state law assault and battery claims.

[15] See Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).

4

claims of assault, battery and excessive force, as opposed to dismissing each individual defendant. Therefore, the evidence was not presented and/or considered as to each individual officer's conduct during Ms. Kador's arrest. Defendant (specifically Officer Boudreaux) is now asking to be dismissed based solely on his own conduct during the arrest. That conduct included only allegations of screaming in Ms. Kador's face and saying "nasty things." Ms. Kador argues that there is conflicting testimony and/or evidence as to who said what, however, Ms. Kador presents no evidence of any other conduct by Officer Boudreaux that would establish that he either used excessive force, or assaulted and/or battered her person.

While we agree that a motion for new trial and/or to amend should not be used to relitigate issues already decided, because we did not consider Officer Boudreaux's individual conduct concerning the assault and battery and excessive force claims, we do not believe that we are relitigating that issue. Instead, we are considering Ms. Kador's claims against Officer Boudreaux with respect to his individual conduct. The decision to alter or amend a judgment under Rule 59 is within the district court's discretion.[16] Because there is no evidence presented to establish a genuine issue of material fact for trial as to whether Officer Boudreaux physically assaulted and battered, or used excessive force against Ms. Kador, we find that these claims should be dismissed against this defendant.

Defendants further assert that because Ms. Kador's injuries were only *de minimis,* and/or because Ms. Kador plead *nolo contendere*, the claims of assault and battery and excessive force should be dismissed. After reviewing defendants' motion concerning Ms. Kador's injuries, we

---

[16] Stroman v. Thaler, 2009 WL 3295128, at 1 (N.D. Tex. 2009); Templet v. Hydrochem Inc., 367 F.3d 473, 479 (5th Cir.), cert. denied, Irvin v. Hydrochem, Inc., 543 U.S. 976 (2004).

conclude that in this instance, defendants are indeed attempting to relitigate issues already decided in our previous ruling. Accordingly, we find that defendant's motion to reconsider the assault and battery claims and the excessive force claims in this respect is entirely without merit.

## CONCLUSION

For the reasons set forth above, the motion for new trial and/or to alter or amend the judgment will be granted in part and denied in part. The motion will be granted to the extent that the claims of assault and battery, and excessive force against Office Boudreaux will be dismissed with prejudice; otherwise, the motion will be denied. The motion for attorney fees will be denied, and the motion to strike the motion for attorney fees will be denied as moot.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this ___ day of June, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE