# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

# BATON ROUGE DIVISION

| | | |
|---|---|---|
| **DONNYSIUS KADOR, ET AL** | : | **DOCKET NO. 3:07-682** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **CITY OF NEW ROADS, ET AL** | : | **MAGISTRATE JUDGE KIRK** |

## ORDER

Before the court is a "*Daubert* Motion to Exclude Testimony of Plaintiff's Proposed Expert, Dr. Belaire" (R. #120) wherein defendants seek to exclude plaintiff's expert, Christine Belaire, Ph.D. because she is unqualified and/or her conclusions are unreliable. Dr. Belaire is plaintiff's proposed mental health expert and is expected to testify that plaintiff, Donnysius Kador, is suffering from Post-Traumatic Stress Disorder (PTSD) and Panic Disorder and Agoraphobia. Defendants complain that Dr. Belaire is not a medical doctor, nor a doctor of psychology, thus she is not qualified to diagnose plaintiff with PTSD or Panic Disorder with Agoraphobia. Defendants further complain that Dr. Belaire performed no tests on plaintiff to form a basis for her diagnosis. Instead, Dr. Belaire relied on plaintiff's self reported history[1] and based her diagnosis solely on matching plaintiff's symptoms with the criteria for PTSD and Panic Disorder with Agoraphobia in the DSM IV Manual.

Federal Rule of Evidence 702 provides the following regarding expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the

---

[1] Defendants note that the medical report by Dr. Poche who treated plaintiff indicated no physical injuries.

form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The proponent of expert testimony bears the burden of establishing its admissibility.[2] "The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence."[3]

Federal rule of Evidence 703 reads:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.. . .

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.[4] In some cases, however, the source upon which an expert's opinion relies is of such little weight that the jury should not be permitted to receive that opinion.[5]

Daubert v. Merrell Dow Pharmaceutical, Inc.,[6] lists five considerations to assist the trial judge in determining "reliability" of the expert's testimony: (1) the "testability of the expert's theory or technique; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards and controls; and

---

[2] Mathis v. Exxon Corp., 302 F.3d 448, 460 (5th Cir. 2002).

[3] Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999).

[4] Dixon v. International Harvester Co., 754 F.2d 573, 580 (5th Cir. 1985).

[5] Viterbo v. Dow Chemical Co., 826 F.2d 420 (5th Cir. 1987).

[6] 509 U.S. 579, 113 S.Ct. 2786 (1993).

(5) whether the methodology is generally accepted in the scientific community.[7]

Specifically, defendants argue that Dr. Belaire's diagnosis of PSTD and Panic Disorder with Agoraphobia is not reliable because Belaire did no other tests and did not seek any independent verification of plaintiff's self reported symptoms. If an opinion is fundamentally unsupported, then it offers no expert assistance to the jury.[8] Because its lack of reliable support may render it more prejudicial than probative, it is inadmissible under Federal Rule of Evidence 403.[9] The court finds that Dr. Belaire's opinions are not reliable, nor admissible because of the lack of testing and independent verification of plaintiff's symptoms. Accordingly, it is

**ORDERED** that the motion in limine to exclude the expert testimony of Dr. Christine Belaire is hereby **GRANTED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of October, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Daubert, 509 U.S. at 591-95.

[8] Viterbo, 826 F.2d at 422.

[9] See Barrel of Fun, Inc. v. State Farm Fire & Casualty Co., 739 F.2d 1028, 1035 (5th Cir. 1984).

3