# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

# BATON ROUGE DIVISION

| | | |
|---|---|---|
| DONNYSIUS KADOR, ET AL | : | DOCKET NO. 3:07-682 |
| VS. | : | JUDGE TRIMBLE |
| HAROLD TERRANCE, ET AL | : | MAGISTRATE JUDGE KIRK |

## ORDER

Before the court is a "Motion in Limine to Exclude Plaintiffs' Evidence Supporting Dismissed Claims" ( R. #127) wherein defendants, Harold Terrance and Mark Dupont request an order to exclude any evidence from the trial that would support claims dismissed by the court in its Memorandum Rulings and Judgments dated April 5, 2011 and June 8, 2011.[1] Specifically, defendants seek to exclude evidence related to the following:

(1) Federal claims by Donnysius Kador and Donell Francois of false arrest, imprisonment and detainment;
(2) Federal claims by Donnysius Kador and Donell Francois of substantive and procedural due process;
(3) Federal claims by Donnysius Kador and Donell Francois for failure to supervise and train;
(4) State law claims by Donnysius Kador and Donell Francois for intentional and negligent infliction of emotion distress;
(5) State law claims by Donell Francois of assault and battery, excessive force, harassment and retaliation;
(6) Evidence related to all claims by Donnysius Kador and Donell Francois against the New Roads Police Department and Chief Kevin McDonald.

Defendants maintain that any evidence regarding these dismissed claims should be excluded pursuant to Federal Rule of Evidence 401 and 402 because such evidence would not be relevant

---

[1] Docs. 82, 83 and 104, 105.

and/or not significantly probative with respect to the remaining viable claims. Specifically, defendants maintain that the following is irrelevant: (1) any evidence supporting plaintiff's claim that she was not given orders to return to her vehicle; (2) any evidence that the officers were discussing fishing and no ongoing investigation was being conducted; (3) any evidence supporting plaintiff, Mr. Francois's claim that his only "crime" was getting out of the truck; (4) any evidence that plaintiff's plea of *nolo contendere* was dismissed pursuant to Louisiana Revised Statute 14:108 as well as plaintiff's Order of expungement; (5) any evidence relative to Officer Terrance's improper training or failure to supervise; (6) any evidence of plaintiff's arrest file being forged or back dated because of its prejudicial effect; (7) any evidence as to plaintiff's statements of the defendants' extreme and outrageous conduct such as "defendants brutally grabbed both of the plaintiffs, slammed Mrs. Kador's head, abdomen, and body against the car, yanked the rollers from her head, shoved her in the back seat, deliberately single-locked the cuffs to ensure physical injuries," and/or Mrs. Kador's repeated statements to Officer Terrance to loosen the handcuffs, to allow her to put her seat belt on, and Ms. Kador's repeated requests for medical treatment of her bleeding wrists until it was discovered that she was the daughter of a Pointe Coupe Parish Sheriff's Deputy; (8) any evidence of Officer Terrance's subsequent confrontations of Mr. Francois at a community basketball game; (9) any evidence as to the improper conduct of the New Roads Police Department and/or Chief Kevin McDonald.

Plaintiff maintains that defendants fail to make a showing of prejudice and alternatively, plaintiff asserts that this ruling should be deferred to the time of trial to make possible the resolution of questions of relevancy and potential prejudice.

Plaintiff argues that in order to prove her § 1983 claim for excessive force under the Fourth

Amendment, she must prove that the force used by the officers was objectively unreasonable which requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[2] This balancing "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[3] Hence, plaintiff argues that the context in which the touching/contact took place as well as the reasonableness of the touching and defendants' actions is highly relevant to her state law claim of battery. Plaintiff further maintains that whether or not she was placed in reasonable apprehension of receiving an injury is an issue to be determined by a jury, in which case evidence regarding her emotional state, evidence regarding harassment she experienced and evidence regarding the facts and circumstances of the arrest, including false imprisonment and detainment, are highly relevant and probative as to whether an assault took place.[4]

Plaintiff further argues that evidence regarding defendants' known violations of the New Roads rules or regulations is relevant citing Townsend, et al v. Benya, et al,[5] and information regarding the hiring, training and /or supervision of defendants is relevant to establishing the officers' state of mind at the time of the incident in question citing Rice, et al v. Reliastar Life Ins.

---

[2] Graham v. Connor, 109 S.Ct. 1865, 1871 (1989).

[3] Id.

[4] Martin v. Bigner, 665 So.2d 709 (La.App.2d Cir. 12/6/95).

[5] 287 F.Supp.2d 868 (N.D.Ill 2003).

3

Co., et al.[6]

Whether the force used by an officer in making an arrest is reasonable depends upon the totality of the facts and circumstances in each case.[7] Several factors will be considered such as the known character of the arrestee, the risks and dangers faced by the officers, the nature of the offense involved, the chance of the arrestee's escape if the particular means are not employed, the existence of alternative methods of arrest, the physical size, strength and weaponry of the officers relative to the arrestee and the exigencies of the moment.[8] Plaintiff maintains that the jury needs to hear evidence regarding her arrest, imprisonment, detainment and due process in order to determine whether the amount of force was warranted. Plaintiff argues that this evidence is also relevant to aid the jury in understanding the facts and to avoid a chronological void in the facts. The court finds that the motion in limine will be granted in part and denied in part as follows:

**IT IS ORDERED** that the motion in limine is hereby **DENIED** as to the following:

\* any evidence supporting plaintiff's claim that she was not given orders to return to her vehicle;

\* any evidence that the officers were discussing fishing and no ongoing investigation was being conducted;

\* any evidence as to plaintiff's statements of the defendants' extreme and outrageous conduct such as "defendants brutally grabbed both of the plaintiffs, slammed Mrs. Kador's head, abdomen, and body against the car, yanked the rollers from her head, shoved her in the back seat, deliberately single-locked the cuffs to ensure physical injuries," and/or Mrs. Kador's repeated statements to

---

[6] 2011 U.S. Dist. LEXIS 32831 (M.D. La. 3/29/2011).

[7] Kyle v. City of New Orleans, 353 So.2d 971 (La.1977).

[8] Kyle 353 So.2d at 973.

Officer Terrance to loosen the handcuffs, to allow her to put her seat belt on, and Mrs. Kador's repeated requests for medical treatment of her bleeding wrists until it was discovered that she was the daughter of a Pointe Coupe Parish Sheriff's Deputy;

**IT IS FURTHER ORDERED** that the motion in limine is hereby **GRANTED** as to the following and such evidence will be excluded at trial:

* any evidence supporting plaintiff, Mr. Francois's claim, that his only "crime" was getting out of the truck;

* any evidence that plaintiff's plea of *nolo contendere* was dismissed pursuant to Louisiana Revised Statute 14:108 as well as plaintiff's Order of expungement;

* any evidence relative to Officer Terrance's improper training or failure to supervise;

* any evidence of plaintiff's arrest file being forged or back dated because of its prejudicial effect;

* any evidence of Officer Terrance's subsequent confrontations of Mr. Francois at a community basketball game;

* any evidence as to the improper conduct of the New Roads Police Department and/or Chief Kevin McDonald;

* any evidence of claims by Donell Francois.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of October, 2011.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

5