UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| | | |
|---|---|---|
| DONNYSIUS KADOR, ET AL | : | DOCKET NO. 3:07-682 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF NEW ROADS, ET AL | : | MAGISTRATE JUDGE KIRK |

## ORDER

Before the court is a "Motion in Limine" (R. #128) wherein plaintiff requests that the court issue an order excluding any references to an alleged incident in Wal-Mart which occurred on February 25, 2009 between Mrs. Kador and a Wal-Mart employee. Plaintiff contends that the incident does not involve the same actors in the instant lawsuit and does not arise out of the facts and circumstances set forth in this lawsuit, thus any evidence or references to the incident should be excluded because it would be irrelevant, immaterial, unduly prejudicial, and constitute impermissible hearsay pursuant to Federal Rules of Evidence 401, 403, and 802. Plaintiff also seeks an order prohibiting defendant, Mark Dupont, from introducing any evidence or testifying at trial because he refused to appear for his deposition and ignored subpoenas. Finally, plaintiff seeks to exclude any evidence of her plea of *nolo contendere* pursuant to Federal Rules of Evidence Rule 410 and 609.

*Wal-Mart incident*

Plaintiff seeks to exclude as irrelevant any evidence of a Wal-Mart incident between Mrs. Kador and a Wal-Mart employee. Defendants submit that such evidence is relevant to Mrs. Kador's alleged dramatic personality and her low tolerance for frustration. Dr. Cary Rostow, defendant's

expert, is expected to testify about Mrs. Kador's personality wherein when confronted with a "volatile circumstance", Mrs. Kador responds similarly to each situation by violently lashing out against the source of her frustration. Therefore, defendants argue that the Wal-Mart incident is relevant to the proceedings as it relates to Dr. Rostow's personality profile, mental disposition and Mrs. Kador's relative stability at the time of the Burger King incident. Defendants argue that the Wal-Mart incident further illustrates Dr. Rostow's personality diagnosis of Mrs. Kador and her behavioral tendencies, and that the evidence is being submitted as further proof of a diagnosed clinical condition. Defendants rely on Federal Rule of Evidence 702 and 703[1] in that the Wal-Mart incident constitutes facts or data upon which Dr. Rostow may garner his expert opinion and further establish Mrs. Kador's personality profile. In other words, the incident at Burger King in which Mrs. Kador reacted violently in a "volatile circumstance" is not isolated, but is symptomatic of a diagnosed, underlying behavioral problem.

Plaintiff relies on Federal Rule of Evidence 404(b) to prohibit the introduction of Mrs. Kador's "other crimes, wrongs, or acts" to prove the character of a person. Plaintiff takes issue with defendant's interpretation of Dr. Rostow's report and opinion. Plaintiff remarks that Dr. Rostow stated that "it seemed certain that Ms. Kador suffered an unfortunate experience. . ."[2] Plaintiff contends that Dr. Rostow never opined that Mrs. Kador had underlying behavioral problems, and that he further noted that Mrs. Kador "entered into a volatile circumstance in which she felt herself

---

[1] Fed. R. Evid. 703 provides in pertinent part with respect to an expert's bases of opinion that:
"the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted."

[2] Rec. 140-1, p. 10.

2

to be subject to verbal and physical abuse.³ Plaintiff also informs the court that Dr. Rostow never mentions the Wal-Mart incident in his report, thus it was not part of his diagnosis. Plaintiff submits that the introduction of the Wal-Mart incident is an attempt to prejudice the jury, confuse the issues, and demonstrate some sort of "acting in conformity therewith," all of which is barred by Rule 404 and fails to meet the Rule 401/403 balancing test.

The court finds that the prejudicial effect of allowing this evidence would outweigh the probative value of the evidence. Accordingly, this evidence is not admissible.

*Nolo Contedere plea*

Plaintiff seeks to exclude any evidence of her *nolo contendere* plea to the charge of resisting an officer from the trial of this matter. Plaintiff relies on Louisiana Code of Criminal Procedure 894(b)(2) which provides as follows:

> **Suspension and deferral of sentence; probation in misdemeanor cases**
>
> * * *
>
> The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender.

As noted by defendants, this court has ruled that when applying the principles of Heck v. Humphrey,⁴ a *nolo contendere* plea is a conviction and not an acquittal as argued by plaintiff's

---

³ Id. p. 9.

⁴ 512 U.S. 477, 487, 114 S.Ct. 2364 (1994).

3

counsel.[5] Plaintiff relies on Federal Rule of Evidence 410[6] which bars the introduction of a plea of *nolo contendere* in any civil proceeding and Federal Rule of Evidence 609[7] which similarly bars introduction of any evidence relating to the plea of *nolo contendere* to a misdemeanor offense. Federal Rule of Evidence 410 is abundantly clear that the introduction of a plea of *nolo contendere* is not admissible in a civil proceeding, however plaintiff will not be allowed to introduce any evidence that she was either acquitted or not found guilty of the charges.

*Defendant Mark Dupont*

Plaintiff requests that the court issue an order prohibiting defendant, Mark Dupont, from

---

[5] R. #82, p. 19.

[6] Fed. R.Evid. Art. 410 provides as follows:

Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
(1) a plea of guilty which was later withdrawn;
(2) a plea of nolo contendere;
. . .

[7] Fed. R. Evid. Art. 609 provides as follows:

**Impeachment by Evidence of Conviction of Crime**
(a) **General rule.** For the purpose of attacking the character for truthfulness of a witness,
(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

being able to testify or present any evidence on his behalf at the trial of this matter or in opposition to any dispositive motion if filed. Defendants have not addressed this argument in their brief. The court notes that on July 21, 2010, Magistrate Judge Christine Noland issued a Minute Entry wherein she stated that if Mr. Dupont failed to appear for his deposition, he would not be allowed to testify or present any evidence on his behalf at trial or in opposition to any dispositive motion filed.[8] It appears from plaintiff's briefs that Mr. Dupont ignored Notices of Depositions, subpoenas and the court's orders commanding his appearance at a deposition. Accordingly, defendant, Dupont, will be prohibited from testifying at trial and/or submitting any evidence.

**IT IS ORDERED** that the motion in limine is hereby **GRANTED** to the extent that any evidence regarding the Wal-Mart incident of 2009 is not admissible because of its prejudicial effect; any evidence of Mrs. Kador's plea of *nolo contendere* is not admissible, however, Mrs. Kador will not be able to present evidence that she was acquitted or that she was not found guilty; Mark Dupont will be prohibited from testifying at trial and/or submitting any evidence.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of October, 2011.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[8] R. #57.