UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE

| | | |
|---|---|---|
| **DONNYSIUS KADOR, ET AL** | : | **DOCKET NO. 3:07-682** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **CITY OF NEW ROADS, ET AL** | : | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING

Before the court is "Defendants' Motion to Dismiss for Witness Tampering" (R. #170) wherein defendants, Harold Terrance and Mark Dupont seek to have the instant action dismissed based on plaintiff's alleged tampering with a federal witness, namely, Mintarsha Martin. To establish harassment, defendants cite 18 U.S.C.A. § 1512(b) which provides as follows:

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to - -
>
> (1) influence, delay, or prevent the testimony of any person in an official proceeding;
>
> (2) cause or induce any person to - -
>
> > (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
> >
> > (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
> >
> > (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
> >
> > (D) be absent from an official proceeding to which such person has been summoned

    by legal process; or

(3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings;

shall be fined under this title or imprisoned not more than 20 years, or both.

  Defendants rely on <u>Webb v. District of Columbia,</u>[1] which provides three independent justifications for dismissal as a sanction for misconduct: (1) the party has been so prejudiced by the misconduct that it would be unfair to require that party to proceed; (2) the party's misconduct has put an intolerable burden on the court by requiring the court to modify its own docket; or (3) the court finds it necessary to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future. A district court may sanction a dismissal or default judgment if it finds (1) that there is clear and convincing evidence that the bad faith misconduct occurred, and (2) that a lesser sanction would not sufficiently punish and deter the abusive conduct.[2]

  Defendants allege that on or about May 4, 2012, Ms. Kador was involved in an altercation with her cousin, Mintarsha Martin, at the Family Dollar Store in New Roads, Louisiana. Defendants suggest that Ms. Martin is the *only* key witness to the incident that is the subject of this litigation. Defendants allege that Ms. "Martin has been repeatedly harassed by both the Plaintiff and the Plaintiff's sister, Darlaycia Francois Kador."[3] To support their allegations, defendants submit the

---

[1] 146 F.3d 964, 971 (D.C. Cir. 1998).

[2] <u>Young v. Office of the United States Senate Sergeant at Arms,</u> 217 F.R.D. 61, 65 (D.D.C. 2003).

[3] Defendants' memorandum in support of the motion to dismiss, p. 5 (R. # 170).

2

Case 3:07-cv-00682-JTT-JDK   Document 186   09/24/12   Page 2 of 3

New Roads Police Department Report along with supporting statements.[4] The court has reviewed the Police Report which complains of a disturbance by Ms. Kador; the complainants are Ms. Mintarsha Martin and Maria Mieto. There is no evidence in any of the statements wherein Ms. Kador threatened, harassed and/or attempted to prevent Ms. Martin from testifying in this litigation. In their reply, defendants submit an affidavit by Ms. Martin wherein she complains that plaintiff declared that "[t]his has been going on ever since I testified against Donnysius Kador during my deposition on September 15, 2010."[5] The court finds that this is a factual dispute that will be considered at the trial of this matter. Furthermore, the court finds the defendants have failed to prove by clear and convincing evidence that plaintiff has attempted to prevent Ms. Martin from testifying at the trial of this matter. Accordingly, the motion to dismiss will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 21st day of September, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Defendants' exhibit B. Defendants state that the Police Report is supported by affidavits. The court has reviewed the documents that support the Police Report. There are two complaints by Maria Mieto and Mintarsha Martin. Also included are witness statements, not affidavits, by Misty Partin, M. Martin (the entirety of this statement is ineligible and will not be considered by the court), Donnysius Kador and Darlaycia Francois. (R. #170-2).

[5] R. #180-1. Exhibit A, ¶ 5.